UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Dellutri Pernal Simpson, | ) | No. 6:24-cv-4502-DCC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Joshua R. Pierce, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff filed this action in forma pauperis under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

### Procedural History

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. When he commenced this action, Plaintiff was a local detainee in the custody of the Greenville County Detention Center. *Id*. at 2. By Orders dated August 22, 2024, Plaintiff was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for further evaluation and possible service of process and, critically, to file an amended complaint to cure the pleading deficiencies identified by the Court in its Order regarding amendment. ECF Nos. 7; 9. Plaintiff was warned that failure to

provide the necessary information and paperwork and an amended complaint within twenty-one (21) days, the time set forth in the Orders, may result in the case being dismissed. Further, the Orders also advised Plaintiff of his duty to always keep the Court informed as to his current address. ECF No. 7 at 2. However, the Orders mailed by the Court were returned as undeliverable, Plaintiff has not filed an amended complaint, and he has not responded to the Court's Orders.

### Factual Allegations

Plaintiff makes the following allegations in his Complaint. ECF No. 1. Plaintiff alleges he was subjected to an illegal search and seizure in violation of the Fourth Amendment and that he was deprived of equal protection under the law in violation of the Fourteenth Amendment. *Id*. at 4. He contends that Defendant "committed a[n] illegal search and seizure with not getting a warrant prior to [his] arrest . . . [and] acted on a deliberate indifference over hearsay allegations." *Id*. Plaintiff alleges that, on July 27, 2024, he was arrested "without Due Process with no warrant over hearsay allegations with a bias mentality." *Id*. at 5. He asserts that his arrest was due to "a phone call over allegation of harassment" and he was never questioned prior to his arrest. *Id*. Plaintiff does not identify any injuries on the injury section of the standard Complaint form. *Id*. at 6. For his relief he requests as follows:

> Declaratory relief from the Courts for my rights being violated. Injunctive relief providing redress and prohibit defendants from engaging in certain acts of illegal search and seizure. Declaratory relief stating the act was unconstitutional.

*Id.*

The Court takes judicial notice that Plaintiff has been charged with the following crimes in the Greenville County Court of General Sessions which are pending against him: domestic violence at case number 2024A2320500169; trafficking in methamphetamine or cocaine base at

case number 2024A2330203580; manufacturing, possession of drugs at case number 2024A2330203581; giving false information to law enforcement at case number 2024A2330203582; resisting arrest at case number 2024A2330203583; and second degree harassment at case number 2024A2330207117.  *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (last visited Aug. 21, 2024) (search by case numbers listed above); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").  The harassment charge at case number 2024A2330207117 appears to be the charge at issue in this present case.

## STANDARD OF REVIEW

As noted, Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff, at the time he commenced this action, was a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening his lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

Because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the pro se pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## DISCUSSION

### Failure to Prosecute

This action is subject to dismissal because Plaintiff has failed to prosecute this case. In this Court's Order regarding amendment dated August 22, 2024, Plaintiff was warned as follows:

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified herein, this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

ECF No. 9 at 7. Despite this warning, Plaintiff has failed to file an amended complaint. Further, Plaintiff was ordered to always keep the Court apprised of his address as follows:

> You are ordered to always keep the Clerk of Court advised **in writing** (**250 East North Street, Suite 2300, Greenville, South Carolina 29601**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, **your case may be dismissed for violating this Order.** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

ECF No. 7 at 2 (emphasis in original). Both Orders (ECF Nos. 7 and 9) were mailed to Plaintiff on August 22, 2024, at the address he provided to the Court when he filed this action. *See* ECF No. 10. Nevertheless, the Orders were returned to the Court as undeliverable. ECF No. 11. Based on a review of the Greenville County Detention Center Inmate Locator, it appears that Plaintiff is no longer incarcerated at the Detention Center. However, Plaintiff has not provided the Court with an updated address.

Plaintiff has failed to comply with the Court's Order to keep the Court apprised of his address. Further, Plaintiff has failed to respond to the Court's Orders and has failed to file an

5

amended complaint.  Accordingly, it appears that Plaintiff has abandoned his claims, and he has failed to prosecute this case and has failed to comply with the Orders of this Court.  As such, this case should be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

## Failure to State a Claim

Additionally, the Complaint is subject to dismissal for the reasons below.  The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

First, Plaintiff requests injunctive and declaratory relief with respect to his ongoing criminal prosecution.  He does not, however, appear to seek money damages.  To the extent Plaintiff requests that this Court interfere in his state proceeding, abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971) (explaining that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances").  *See Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (noting that a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances); *Mazyck v. Nelson*, No. 2:23-cv-04239-SAL, 2024 WL 3355073, at

6

*2 (D.S.C. July 10, 2024) ("Plaintiff's claims seeking injunctive relief are precluded based on the abstention doctrine established in *Younger*."). Under *Younger*, a federal court should abstain from interfering with an issue currently proceeding in state court if certain criteria are met—"(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Here, Plaintiff's case clearly meets these criteria as he is subject to ongoing state judicial proceedings, those proceedings implicate important state interests, and he has an opportunity to raise his federal claims in those proceedings. As such, the Court should abstain from deciding Plaintiff's claims under *Younger* and this case is therefore subject to dismissal. *See Adams Outdoor Advert. Ltd. P'ship v. Beaufort Cnty.*, 105 F.4th 554, 559 (4th Cir. 2024) ("When *Younger* abstention is invoked against claims seeking only injunctive or declaratory relief, those claims are usually . . . dismissed with prejudice.").

Additionally, even if not barred by *Younger*, Plaintiff's allegations are too vague and conclusory to state a claim for relief. Plaintiff asserts a claim for false arrest, but he does little more than present cursory assertions and legal conclusions.[1] *See, e.g., Wright v. Beard*, No. 1:23-cv-153-KDB, 2023 WL 6466804, at *4 (W.D.N.C. Oct. 4, 2023) (discussing requirements for claim of false arrest and concluding "Plaintiff's allegations are also too vague and conclusory to

---

[1] Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

plausibly suggest that, at the time of the arrest, any Defendant acted without reasonably believing that probable cause existed"). Plaintiff must allege more than mere conclusory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)).

## **CONCLUSION AND RECOMMENDATION**

Consequently, for the reasons stated above, this action is subject to summary dismissal for failure to prosecute under Rule 41 and, furthermore, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A for failure to state a claim.[2]

IT IS SO RECOMMENDED.

s/Bristow Marchant
United States Magistrate Judge

September 16, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] The Clerk shall mail this Report and Recommendation to Plaintiff at his last provided address. The paperwork in the mailing should have no staples. *See* ECF No. 11.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).